**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID RODGERS, as Special Administrator of the Estate of Edward J. Rodgers, deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 11-cv-5118 |
| | ) |
| THOMAS DART, ET AL., | ) Judge Robert M. Dow, Jr. |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Rodgers brought this action against Cook County and Cook County Sheriff Thomas Dart, alleging that Defendants failed to provide his father, Edward Rodgers, with adequate medical care and prescribed medication while he was a pre-trial detainee in the Cook County Department of Corrections, which ultimately led to Edward's death. Plaintiff's complaint fails to allege any specific counts, but it appears that Plaintiff brings this action under § 1983. Plaintiff also admits to being a class member in *Parish v. Sheriff,* Case No. 07-cv-4369, a class action that encompasses "all or part of" the claims in this lawsuit. Both Defendants have moved to dismiss [14 & 17] Plaintiff's complaint.

For the reasons stated below, the Court grants Defendant Cook County's motion to dismiss [17] solely on the basis that this litigation appears to be duplicative of the *Parish* litigation. Plaintiff's complaint is dismissed without prejudice. Every indication from a review of the *Parish* complaint, Plaintiff's complaint, and the parties' briefs in this matter suggests that the *Parish* litigation encompasses Plaintiff's claims; however, to the extent that Plaintiff believes that this suit is not duplicative of the *Parish* litigation, Plaintiff has thirty days to submit an

amended complaint that evinces a discernable difference from the *Parish* complaint. Defendant Sheriff's motion to dismiss [14] is denied as moot.

## I.     Background[1]

Edward Rodgers entered the Cook County Jail on July 31, 2010, following his arrest a day before for shoplifting. Edward, who was 61 years old, had serious medical needs. In addition to asthma, Edward had an implanted defibrillator and required a variety of prescription medications several times a day. Edward's daily prescription regimen for cardiac problems included hydralazine, isosorbide, aspirin, Lisinopril, carvedilol, furosemide, and potassium. He also took albuterol for asthma and had access to an oxygen machine. When he entered the jail on July 31, Edward was examined by a non-physician, who concluded that Edward did not require any prescription medication.

Edward became seriously ill while at the Jail and began to exhibit symptoms of heart failure. According to Plaintiff, correctional officers ignored Edward's worsening symptoms until August 5, 2010, when he was permitted to see a physician for the first time since his arrest. He died the next day. Plaintiff alleges that Defendants were on notice of the deficiencies in medical care at the Cook County Jail. Despite their awareness of problems with health care at the Jail, Defendants did not make any significant changes until November of 2010, more than three

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also will consider facts presented in Plaintiff's response to Defendants' motions to dismiss to the extent that those facts are consistent with the allegations in the complaint. See *Thompson v. Ill. Dept. of Professional Regulations*, 300 F.3d 750, 753 (7th Cir. 2002) (for purposes of Rule 12(b)(6) motion, the pleadings "consist generally of the complaint, any exhibits attached to, and supporting briefs"); *Evans v. U.S. Postal Service,* 428 F. Supp. 2d 802, 805 (N.D. Ill. 2006) ("facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they could be proved consistent with the allegations") (quoting *Dausch v. Ryske,* 52 F.3d 1425, 1428 n. 3 (7th Cir. 1994)). While the facts set forth in Plaintiff's response brief certainly are more detailed than those set forth in the complaint (and therefore much more helpful than Plaintiff's vague complaint), they are consistent with the general allegations in the complaint and will be considered by the Court in ruling on Defendants' motions.

months after Edward's death. Plaintiff alleges that the non-physician's decision that Edwards did not require any prescription medication resulted in Edward's death.

*Parish* is a lawsuit filed in 2007 by a former prisoner at the Jail against Cook County and the Sheriff of Cook County, alleging a systemic failure to provide persons entering the jail with previously prescribed prescription medication. The district judge assigned to the *Parish* matter found those allegations to be plausible and, on October 28, 2008, ordered that *Parish* would proceed as a class action for "all persons confined at the Cook County Jail on and after August 3, 2005 who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with appropriate medication within 24 hours thereafter." A trial in *Parish* is expected to commence in 2012.

## II.     Analysis

Section 1983 creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The § 1983 claims of a pretrial detainee are analyzed under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment. *Butera v. Cottey,* 285 F.3d 6901, 605 (7th Cir. 2002). Nonetheless, the claim is still "analyzed under the Eighth Amendment test." *Henderson v. Sheahan,* 196 F.3d 839, 844 n. 2 (7th Cir. 1999).

There are two ways in which a government actor may be sued: in his official capacity (*Monell)* or his individual (sometimes called "personal") capacity. Generally, an official capacity suit is brought against a high-ranking official as a means of challenging an

3

unconstitutional policy, practice, or custom. See *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Suing a government employee in his official capacity is akin to suing the entity that employs him and the standard for liability is the same. See, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159 (1985). By contrast, an individual capacity suit requires a showing of personal involvement by the government actor. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). It is well established that a suit against an officer in his official capacity is a suit against the government entity for which the officer works. *Kentucky v. Graham,* 473 U.S. 159, 165-55 (1985). As the plaintiffs in *Paris*h have done, Plaintiff has brought suit against Cook County and Sheriff Dart in his official capacity.[1] Plaintiff has not sufficiently alleged any individual capacity claims.

As a general rule, a federal suit may be dismissed "for reasons of wise judicial administration * * * whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976) and *Ridge Gold Standard Liquors v. Joseph E. Seagram,* 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); see also

---

[1] Illinois law establishes that the Sheriff is an "independently elected county officer and is not an employee of the county in which the sheriff serves." *Carver v. Sheriff of LaSalle County,* 787 N.E.2d 127, 136 (Ill. 2003) ("*Carver I*"). In *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003) ("*Carver II*"), the Seventh Circuit held that 745 ILCS 10/9-102 required a county to pay for a judgment entered against the county sheriff in his official capacity. *Carver II,* 324 F.3d at 948. It is the responsibility of the Sheriff to appoint and hire deputies (55 ILCS 5/3-6008 (West 2000)), to act as custodian of the county courthouse and jail (55 ILCS 5/3-6017 (West 2000)), and to act as the county's supervisor of safety (55 ILCS 5/3-6035 (West 2000)). The Sheriff's office is financed by public funds, appropriated to that office by Cook County. See, *e.g.,* 55 ILCS 5/4-6003 (West 2000) (the county board "shall fix the compensation of sheriffs, with the amount of their necessary clerk hire, stationery, fuel, and other expenses"); 55 ILCS 5/5-1106 (West 2000) (county board obligated to "provide proper rooms and offices for the accommodation" of the sheriff, as well as "reasonable and necessary expenses for the use of the sheriff"). Thus, "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer * * * [and][b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Carver II,* 324 F.3d at 948. Thus, in the present case, if Plaintiff's *Monell* claim survives, both the Sheriff and Cook County are necessary parties. See also *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 636 (7th Cir. 2009).

*Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.,* 600 F.2d 1228, 1233 (7th Cir. 1979). "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are * * * devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." *Ridge Gold,* 572 F. Supp. at 1213. District courts are accorded "a great deal of latitude and discretion" in determining whether one action is duplicative of another, but generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin*, 3 F.3d at 223.

In the present case, the *Parish* complaint and Plaintiff's complaint here involve the same parties and seek the same remedies, and the *Parish* complaint appears to encompass Plaintiff's claims. A reading of the complaints discloses no significant differences between the claims asserted by Plaintiff and the claims asserted by the class in *Parish*. As there are no significant differences between the claims,[2] parties, and available relief in the two suits, the Court finds these two actions to be duplicative. Trying duplicative actions not only wastes judicial resources, but also has the potential to lead to inconsistent results. Furthermore, Plaintiff has not presented "any special factors counseling for * * * the exercise of jurisdiction in this case." *Calvert Fire,* 600 F.2d at 1234. Therefore, the Court concludes that dismissal of the current lawsuit is appropriate.

---

[2] Indeed, Plaintiff's complaint alleges that "Plaintiff is a member of the plaintiff class in Parish v. Sheriff, 07 CV 4369, and all or part of this claim is at issue in Parish" and Plaintiff's lawyer is one of the class counsel in *Parish*.

**III.     Conclusion**

For the reasons stated above, the Court grants Defendant Cook County's motion to dismiss [17] solely on the basis that this litigation appears to be duplicative of the *Parish* litigation. Plaintiff's complaint is dismissed without prejudice. Every indication from a review of the *Parish* complaint, Plaintiff's complaint, and the parties' briefs in this matter suggests that the *Parish* litigation encompasses Plaintiff's claims; however, to the extent that Plaintiff believes that this suit is not duplicative of the *Parish* litigation, Plaintiff has thirty days to submit an amended complaint that evinces a discernable difference from the *Parish* complaint. If Plaintiff does not submit an amended complaint or his amended complaint does not comport with the Court's ruling, this case will be closed. Defendant Sheriff's motion to dismiss [14] is denied as moot.

Dated:  June 11, 2012                              _____
                                                                        Robert M. Dow, Jr.
                                                                        United States District Judge