## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5118 | **DATE** | 2/19/2013 |
| **CASE TITLE** | Rodgers vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Plaintiff's motion to add defendants and for leave to file a third amended complaint [39] and directs Plaintiff to file his amended complaint by 2/26/2013. For the reasons stated on the record in open court and summarized below, the Court stays this matter pending resolution of Plaintiff's state court appeal. Counsel for Plaintiff is directed to notify the Court once issues related to the appeal have been resolved.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff filed a complaint [1] against Defendants Cook County, Illinois and the Sheriff of Cook County in the United States District Court on July 28, 2011. Plaintiff filed an amended complaint [29] on June 18, 2012, and a second amended complaint [34] on August 27, 2012. Both complaints were brought against the same Defendants. Concurrently, Plaintiff filed suit in the Circuit Court of Cook County against Cook County, Dr. Sunita Williamson, and Clifford Oliver. That suit was timely.

Defendant Cook County, the employer of Williamson and Oliver, urged the state court to dismiss the timely-filed state negligence action because the federal action "involves the same parties, the same factual allegations" as the state negligence action and that "it would make sense for all those matters to be decide in one courtroom." Plaintiff argued against dismissal, pointing out that Williamson and Oliver were not parties in the federal action and that granting the motion would create statute-of-limitations problems. Defendants advanced the following argument in state court:

> The Federal Court, like Illinois, does recognize estoppel, so he can make an estoppel argument to bring them in down there. He can argue equitable tolling, those are things that can be raised if he wants to make that argument to bring in individuals in Federal Court, because he's filed here. So that by itself should not preclude the Court from exercising its discretion and dismissing this case here. The parties are identical because his avenue of recovery is specifically the County of Cook, which holds the purse strings for all of the defendants involved in that case. His theories of liability are included in all of the factual allegations in all three of the cases that he – complaints that he's brought here, the one in this Court and the two versions of the con – Federal complaint contain all the same factual allegations *** [s]ame nucleus of operative facts * * *.

**STATEMENT**

The state court judge granted the motion to dismiss, and the same day, Plaintiff filed his motion for leave to file a third amended complaint before this Court, seeking to add two state law claims (medical malpractice and negligence) against two new defendants (Dr. Sunita Williamson and Clifford Oliver). Plaintiff also filed a notice of appeal of the state court's decision to dismiss his state court lawsuit. As Plaintiff's counsel reported at the most recent status hearing, that appeal remains pending.

As Plaintiff's counsel predicted in the state court, Defendants oppose Plaintiff's motion for leave to file a third amended complaint on the grounds that the statute of limitations bars Plaintiff from adding the two new defendants and that estoppel is not appropriate because Plaintiff cannot show improper conduct by either Defendant that prevented Plaintiff from filing within the statutory period. However, at this stage, because the statute of limitations is an affirmative defense, it would be premature for the Court to address the estoppel argument. The Seventh Circuit has been very clear in its assessment of limitations defenses asserted at the pleading stage of a case: "[O]n the subject of the statute of limitations * * * * [w]hat a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them. The period of limitations is an affirmative defense * * * * We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)." *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012) (internal citations omitted); see also *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003); *United States v. Northern Trust Co.*, 372 F.3d 886 (7th Cir. 2004); *Xechem, Inc. v. Bristol—Myers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004). In *Mitcheff*, the Court concluded by reminding judges to "respect the norm that complaints need not anticipate or meet potential affirmative defenses." 696 F.3d at 638; see also *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (in cases in which a plaintiff effectively pleads herself out of court, the validity of the defense must be "apparent from the complaint itself, and unmistakable, so that the suit is fairly describable as frivolous"; "[t]hus a personal-injury suit filed 100 years after the date of the injury as stated in the complaint would be frivolous, even though expiration of the time within which to sue is an affirmative defense."). "A complaint that invokes a recognized legal theory (as this one does) and contains plausible allegations on the material issues (as this one does) cannot be dismissed under Rule 12." *Mitcheff*, 696 F.3d at 638 (citing *Erickson v. Pardus,* 551 U.S. 89 (2007)). In light of these cases and Plaintiff's estoppel argument, Plaintiff's motion for leave to file a third amended complaint [39] is granted.

The filing of Plaintiff's third amended complaint in this Court alongside the pendency of Plaintiff's appeal of the dismissal of the state court case referenced above raises the specter of parallel state and federal court litigation should the state appellate court reverse the state trial court's dismissal order. At the recent status hearing, counsel for Plaintiff reiterated that his client would prefer to litigate the claims that were dismissed by the state court judge in a state forum, which would be his right if the state appellate court rules in his favor. As stated on the record in open court at the status hearing (and summarized here), these circumstances persuade the Court that the interests of justice and comity would best be served by staying this matter until Plaintiff's state court appeal is resolved. See *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995). Plaintiff is directed to notify the Court promptly after the state appellate court issues its decision. Once the stay is lifted, the parties may proceed with discovery and dispositive motions. To the extent that Defendants have a valid statute of limitations challenge to Plaintiff's claims – assuming those claims remain pending in this Court – they may raise it at a later stage of the case.